UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00064

JESSE R. McNUTT                                                                                         Plaintiff

v.

ROBERT JEFFREY HINES                                                                         Defendant

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jesse R. McNutt filed the instant *pro se* action on May 1, 2012, against Defendant Robert Jeffrey Hines. (*See* Docket No. 1.) On July 13, 2012, Plaintiff filed a Motion for Default and Default Judgment, (Docket No. 5), to which Defendant has responded, (Docket No. 6), and Plaintiff replied, (Docket No. 8). Defendant has since moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b). (Docket No. 7.) Plaintiff's response to Defendant's Motion to Dismiss for Failure to State a Claim was due on August 24, 2012. Plaintiff has not responded, and these matters are now ripe for adjudication.

For the reasons that follow, Defendant's Motion to Dismiss, (Docket No. 7), will be GRANTED, and an appropriate Order will issue separately.

Furthermore, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment, (Docket No. 5), is DENIED as moot.

SUMMARY OF CLAIMS

Plaintiff filed a complaint captioned "Confirmed Complaint of Ministerial Negligence in Any Office" against Defendant, Calloway Circuit Court Judge Robert Jeffrey Hines, to whom Plaintiff refers as a "purported state judge." (Docket No. 1, at 1.) Plaintiff states his complaint is based "on malpractice of [Defendant] acting under color of law for abuse of judicial discretion, willful wantonness or ministerial neglect in the absence of all jurisdiction of any office." (Docket No. 1, at 1.) Plaintiff states that he appealed Calloway Circuit Court case number 04-CI-00446 on September 2, 2010 to the Kentucky Court of Appeals. "Since that date," Plaintiff states, "the court has continued to injure [him] by non-judicial acts. Such as the order to sell property on 7/27/11 and moreover ordered a Rule 11 sanction against a layman on or thereabouts 5/7/12 in absence of all jurisdictions." (Docket No. 1, at 2.) Specifically, Plaintiff accuses Judge Hines of violating his First, Fourth, Fifth, Sixth, and Thirteenth Amendment Rights under the U.S. Constitution while acting in his official capacity under color of state law. (Docket No. 1, at 3.) Plaintiff argues that the Kentucky Court of Appeals retained jurisdiction over his case and, therefore, Judge Hines' actions amounted to "willful ministerial negligence." (Docket No. 1, at 3.) Plaintiff also states that he filed motions for Judge Hines to recuse himself, which Judge Hines denied. (Docket No. 1, at 3.) Plaintiff seeks a trial by jury on his claims and "[d]amages in the amount of 50,000 ounces of pure 0.999 silver," plus "[p]unitive damages in the amount of 25,000 ounces of pure 0.999 silver." (Docket No. 1, at 3-4.)

ANALYSIS

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest argument and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity extends to complaints arising out of judicial conduct in criminal as well as civil suits. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Moreover, the common law immunity of judges applies to suits alleging deprivations of constitutional rights. *Id.* A plaintiff may recover damages against a judge only when the judge has acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Furthermore, "[a]bsolute judicial immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an

employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)).

In the instant case, Plaintiff states that Defendant was acting "in his individual capacity" through his "willful ministerial negligence." (Docket No. 1, at 3.) However, it appears clear that Judge Hines' actions pertaining to Plaintiff were exercises of his judicial capacity. Plaintiff alleges that Judge Hines had no jurisdiction when he ordered the sale of Plaintiff's property in Calloway Circuit Court, case number 04-CI-00446, because the case was on appeal. On February 19, 2010, Calloway Circuit Judge Edwin White denied Plaintiff's Motions to Recuse and to Alter, Amend, or Vacate Judgment, and also set a supersedeas bond of $23,477.59. Plaintiff filed his first of seven notices of appeal with the Kentucky Court of Appeals on March 3, 2010, which was docketed as case number 2010-CA-00415.

As Defendant points out, despite that Plaintiff filed a timely appeal, an appeal does not stay a monetary judgment in Kentucky unless a supersedeas bond is posted. *See* Ky. R. Civ. P. 62.03(1). The Calloway Circuit Court maintained original jurisdiction over the supersedeas bond throughout the appeal. *See* Ky. R. Civ. P. 73.06. Apparently, Plaintiff neither posted the required supersedeas bond nor petitioned the Circuit Court for a reduction. Accordingly, this Court finds no authority to support Plaintiff's conclusion that the execution of Default Judgment and Order of Sale entered against him was somehow stayed pending appeal. *See e.g.*, *Marshall v. Goodwine*, 332 S.W.3d 51, 55-56 (Ky. 2010), *reh'g denied,*(Mar. 24, 2011) ("Kentucky law makes it clear that an appellant who fails to file a supersedeas bond does so at his own risk and that execution may proceed . . . ."). Therefore, Judge Hines' order to execute the default judgment was

within the jurisdiction of the Circuit Court, and Defendant is entitled to absolute judicial immunity.

Furthermore Plaintiff's claims that Defendant was without authority to impose Rule 11 sanctions on a layperson are without merit. *See* McBrearty v. Ky. Cmty. & Technical Coll. Sys.*,* 262 S.W.3d 205, 2010 (Ky. Ct. App. 2008) ("We require pro se litigants to follow the Kentucky Rules of Civil Procedure."). Kentucky courts have long held that sanctions under Ky. R. Civ. P. 11 may be imposed on either a party or an attorney. *See, e.g.*, *Clark Equip. Co. v. Bowman*, 762 S.W.2d 417, 420 (Ky. Ct. App. 1988). Thus, under Kentucky law, Defendant did not exceed his jurisdiction by imposing sanctions on a *pro se* party.

## CONCLUSION

For the foregoing reasons, Defendant's conduct is protected by judicial immunity. Defendant's Motion to Dismiss, (Docket No. 7), is GRANTED; and Plaintiff's Motion for Default Judgment, (Docket No. 5), is DENIED as moot. A separate Order of dismissal will be entered consistent with this Memorandum Opinion and Order.

cc:     Plaintiff, *pro se*
        Defendant