UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00064

JESSE R. McNUTT                                                              Plaintiff

v.

ROBERT JEFFREY HINES                                  Defendant

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jesse R. McNutt, *pro se*, filed the instant Motion to Reconsider on October 23, 2012. (Docket No. 11.) For the reasons that follow, Plaintiff's Motion will be DENIED.

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Here, however, the Court entered an Order on October 18, 2012, dismissing this case and certifying that an appeal would be frivolous and not taken in good faith. (Docket No. 10.) Because that was a final order, the relief Plaintiff effectively seeks is either to alter or amend the prior judgment, or relief from that judgment. Further, because Plaintiff timely filed this Motion for purposes of Fed. R. Civ. P. 59(e), the Court finds that Rule is the proper vehicle for the relief Plaintiff seeks and will treat his present Motion as such; therefore,

the Court need not consider the more stringent requirements for setting aside a judgment under Rule 60.

A Rule 59 motion should not be used to reargue a case on the merits. *See Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Instead, "[u]nder Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "A district court, generally speaking, has considerable discretion in deciding whether to grant [a Rule 59(e)] motion . . . ." *Id.*

In his present Motion, Plaintiff raises two discernible arguments. First, he argues that the Court erred when it stated in its prior Memorandum Opinion and Order that "Plaintiff has not responded, and these matters are now ripe for adjudication." (Docket No. 11.) In support, he attaches his "Reply to Response of Attorney General's Office with Renewed Motion for Default and Default Judgment" (Reply), which he previously filed on August 31, 2012. (*See* Docket Nos. 8; 11-1.) However, Plaintiff is incorrect in insisting that his Reply, either in form or substance, in any way responded to Defendant's Motion to Dismiss for Failure to State a Claim. Plaintiff's Reply addresses only the issues raised by Plaintiff in his then-pending Motion for Default Judgment. (*See* Docket Nos. 5; 8.) He does not respond to the issues raised in Defendant's Motion to Dismiss, specifically that of absolute judicial immunity, other than to insist that his Motion for

Default should be granted because "[a]bsolute judicial immunity is no defense to not responding to a lawsuit." (Docket Nos. 8; 11-1.) Moreover, as the Court previously noted, Plaintiff's response to Defendant's Motion to Dismiss was due August 24, 2012. Even if Plaintiff's Reply responded in substance to Defendant's Motion—which it does not—it was untimely filed on August 31, 2012. Therefore, the Court finds no justifiable ground for altering, amending, or vacating its prior judgment based on Plaintiff's first argument.

Second, Plaintiff argues that the Court "refers to *Haines v Kerner* but fails to extend to layman the other part of *Haines* that broadens the courts defense of layman or harmless errors on their party." (Docket NO. 11, at 2.) The Court previously cited *Haines* for the proposition "that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys." *See* 404 U.S. 519 (1972). After reviewing the *Haines* decision along with the Court's prior Memorandum Opinion and Order, the Court finds no merit in Plaintiff's second argument. The duty to be less stringent with *pro se* complainants "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Thus, because the Defendant's conduct is protected by absolute judicial immunity, the Court's prior grant of dismissal was appropriate.

       For these reasons, the Court finds no basis upon which to alter, amend, or vacate its prior Order dismissing this case. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider, (Docket No. 11), is DENIED.

Date:


cc:      Plaintiff, *pro se*
           Defendant